CHASEZ, Judge.
The plaintiff, Ervin M. Wilson.brought suit against the defendant, Herman La-Mothe, Jr., Jefferson Music Company and Marquette Casualty Company, seeking recovery for personal injuries sustained in an accident which happened on November 11, 1960, at approximately 4:45 P.M. on United States Highway No. 61 (Airline Highway), near Clearview Drive in the Parish of Jefferson. The said plaintiff, a cab driver in the employ of Toye Bros. Yellow Cab Company, alleges that he was acting within the scope of his employment at the time and that the accident occurred through the negligent driving of defendant, Herman LaMothe, Jr., who was an employee of the Jefferson Music Company, acting within the scope of his employer’s business.
The Toye Bros. Yellow Cab Company intervened in this matter seeking to recover of the defendants the sum of $450.54, which it was obligated to pay to plaintiff and did pay to plaintiff, as compensation benefits and medical expenses under the Louisiana Workmen’s Compensation Act.
The defendants answered denying that Herman LaMothe, Jr., was driving negligently and averred that it was the negligent driving of the plaintiff, Ervin M. Wilson, that was the sole and only cause of the accident and charged the said Ervin M. Wilson with contributory negligence.
The defendant, Jefferson Music Company and Marquette Casualty Company, by reconventional demand claimed of the plaintiff, Ervin M. Wilson, and intervenor, Toye Bros. Yellow Cab Company, the sum of $493.09, for damages to the car driven by LaMothe and owned by Jefferson Music Company, the said Marquette Casualty Company claiming $393.09 thereof and the Jefferson Music Company claiming $100.00 thereof. The plaintiff and intervenor filed an answer denying the allegations of the re-conventional demand of the two defendants and alleged that the defendant, Herman LaMothe, Jr., had the last clear chance to avoid the accident. After trial on the merits, the court rendered judgment dismissing the suit of plaintiff and intervenor and dismissed the reconventional demands of all of the defendants, holding that the concurrent negligence of the plaintiff, and defendant, Herman LaMothe, was the cause of the accident. From this judgment all parties appealed.
As hereinabove stated, this accident occurred on the Airline Highway in Jefferson Parish between 4:30 and 5:00 P.M., on November 11, 1960, at or near Clearview Drive, which intersects the Airline Highway. The evidence discloses that the defendant, Herman LaMothe, Jr., was driving in the center lane of traffic, travelling at approximately 30-35 miles per hour heading toward Kenner and away from New Orleans. The plaintiff, Ervin M. Wilson, was driving the cab of Toye Bros. Yellow Cab Company in the same direction on his way to Moisant Airport, after having left the Motel deVille in the City of New Orleans; the said Wilson was driving his vehicle in the third lane of traffic. The drivers of both of these vehicles were familiar with this highway and both knew that approximately fifty feet beyond the intersection of Clearview Drive the Airline Highway merged from a three lane highway into a two lane highway. The evidence also discloses that there was a traffic light at the intersection approximately two squares north of Clearview Drive and at that time that traffic light was showing red and caused the line of traffic to stop from Clearview *333 Drive up to the traffic light. Shortly before reaching the intersection of Clearview Drive and the Airline Highway, the defendant, LaMothe, was driving about 30-35 miles per hour, and the plaintiff, Ervin M. Wilson, passed the LaMothe vehicle and crossed from the third lane to the second lane about two car lengths ahead of La-Mothe’s vehicle and had a clearance of approximately 200 feet before the cab would reach the intersection of Clearview Drive and Airline Highway. Accordingly, he reduced the speed of his car and came to a normal stop behind the car last in line in the traffic stopped by the red light. That a few seconds thereafter his cab was struck severely and violently in the rear by the vehicle owned by the Jefferson Music Company and driven by its employee, Herman LaMothe, Jr., throwing the said taxicab into the car stopped ahead of it. As a result of this collision, plaintiff suffered injuries to his cervical spine commonly known as a whiplash and the aggravation of a prior existing arthritic condition which has caused him severe pain and suffering from the date of the accident and still persisted at the time this case was tried in the district court. For these injuries, for pain and suffering, inconvenience due to the injuries, future pain and suffering discomfort and inconvenience, loss of earnings of 48 weeks at $50.00 per week, and future loss of earnings, based on plaintiff’s expectancy of 19 years, plaintiff seeks the sum of $71,800.00.
The defendant herein took the deposition of the witness Earl Marchand on the 15th day of November, 1962. This witness had been subpoenaed by the plaintiff around the first of November, 1962, to be present at the trial of the case, but after the depositions were taken by the defendant the witness apparently moved from the State of Louisiana and could not be located for the trial on November 26, 1962. After establishing this fact, the plaintiff sought to introduce the deposition in evidence. This was strenuously objected to by the defendants .but the trial judge, considering all of the circumstances, did admit the depositions into evidence. Marchand’s evidence in the depositions generally was in favor of the plaintiff and among other things he said that he and his daughter were standing on the river side of the Airline Highway just across from where the accident occurred. They were waiting to board a bus to go to New Orleans, their destination being Schweg-man’s Super Market. His version of the accident, which took place in front of them, is as follows:
“Q. Now, will you tell me how this accident occurred, in your own words ?
“A. Well, there was a line of traffic on Airline, backed up for a red light, and a yellow cab was stopped behind the traffic, of course, behind the line of cars, and there was a white or cream colored Ford that hit the cab in the back. Now, like I told one fellow that came out and took my statement from me, from the Company that was involved here, from my own appearance, the guy driving the car did not see the cab, because there was no brakes squealed or anything. He just hit the cab, and that was it. I was standing across the highway by the bus stop, and you know the traffic was all backed up and the cab was stopped, and he hit him in the back. When he hit him in the back the old man went over the seat and slumped over the seat, and I told my little girl — I said ‘That man may have a broken neck’, and I went over and looked in the cab and he was trying to get up. • * * * ”
“Q. When was the first time you saw the taxicab that you remember? Was it just at the moment of impact ? ' •
“A. No, I was looking at the cab when the impact — in other words, we *334 were standing over there and just like when you are at a line of traffic, you watch cars going by, and the Yellow Cab came by and I noticed the Yellow Cab because it was Jefferson Parish. All of a sudden, I seen the car coming and I seen he couldn’t stop, and I told my little girl — I said, ‘Look at that fool,’ but like I told you a minute ago, one way or the other, I wouldn’t lie about this thing for him or against him, but the man never hit the brakes because the car that hit him didn’t even give an appearance of stopping. He hit the car all of a sudden; he just plowed into him.
“Q. Did you see the cab make any other maneuvers, except to get hit?
“A. No, the cab was still, dead still.
“Q. Completely still ?
“A. Yes, the cab was dead still. He couldn’t have went nowheres, because there was a car right in front of him.”
Mr. Marchand was positive that the taxicab was stopped when it was struck and counsel for defendants did not shake his testimony in this regard.
LaMothe, in his testimony, although giving a different version of how the accident happened, admitted that the cab was stopped at the time he ran into it.
And on page 280 of his testimony La-Mothe testified as follows*
“A. Well, I had been moving along about 30 or 35 along the highway all the while, and as far as the cab passing me, I can’t remember him passing me but I remember him pulling from that lane..
“Q. Were you going that fast when the cab passed you?
"A. I don’t remember the cab passing me. He may have passed me and got in front of me. But I know he got in the lane in front of me, because at the time of the evening you have to watch the traffic pretty close up there.
“Q. How long had you been driving in the center lane ?
“A. Well, I had been driving in the center lane quite a distance because I am used to going up and down the highway quite a bit in my job and I know the highway comes to two lanes after that; so I was always in the center lane.
“Q. And that is why you were in the center lane?
“A. Yes, sir.
“Q. And you know anybody that is driving in that other lane has to move into that center lane because the highway narrows to two lanes a short distance ahead — is that right ?
“A. That’s right. That’s why I always stay in that line, because you get jammed and it’s hard to get out.
“Q. Do you know there is a large sign over the highway at that point that the lane ends and merges to the left?
“A. Yes, sir.
“Q. You know that sign is there?
“A. Yes, sir.
“Q. And it was just a short distance before the point where this accident took place where the highway narrows to two lanes, isn’t that right ?
“A. Yes, past where the accident happened.
*335 “Q. Just past where the accident?
“A. Yes, sir.
“Q. By the time you get to the red light the highway is two lanes?
“A. Yes, sir.
“Q. And actually it is before you get to the red light it narrows to two lanes ?
“A. Yes, sir, but the red light is two blocks before where the accident happened.
“Q. And at the point where this took place you have two lanes instead of three?
“A. That’s right.”
Marchand apparently was the only independent eye-witness to this accident worthy of belief. All other information supplied on the scene was supplied by the actual participants to parties .making investigations and by the participants themselves as witnesses on the stand.
The defendant produced as a witness Cleophas W. Chategnier who proved to be a friend of LaMothe. The story he gave was that the taxicab pulled out from behind the bus from the third lane into the second lane and stopped and then it was hit by “Herman” (meaning LaMothe.) He further stated that he was in the third lane. On cross-examination, he stated that he was in the lane next to the neutral ground. There were too many discrepancies in the testimony of the witness for the court to pay serious attention to it and the district judge in his reasons for judgment said the witness was unworthy of belief.
Defendant likewise attempted to produce as a witness one Samuel S. Longo. At the time of the trial in the district court, the defendant had asked for a separation of witnesses and the witnesses were ordered out of the courtroom during the course of the trial. The rule of the court in this respect was violated by Samuel S. Longo, who came into the courtroom and heard evidence in the case during the course of the trial. When the witness was presented by counsel for the defendant, the plaintiff objected to the taking of his evidence. This obj ection was maintained by the trial j udge. We believe the trial judge ruled correctly. The evidence of the witness, however, was impounded when counsel for defendant then asked to make a proffer of Longo’s testimony. The objection of counsel still runs to the evidence and the evidence is deleted from the case.
The trial judge said that he could not believe the testimony of the witnesses Mur-ry and Chategnier, the witnesses called by the defendant. We agree with this conclusion.
The record establishes that the plaintiff had gone into the center lane of the roadway from the righthand lane approximately 200 feet before the point of impact; that he moved forward and came to a normal stop in the line of traffic which stopped for a red light, and that he was struck from the rear by the vehicle driven by LaMothe who was going approximately 30 to 35 miles per hour at the time of the impact and that this accident occurred solely and only as a result of the negligent driving of LaMothe.
If Wilson could adjust his speed and come to a normal stop without striking the car ahead of him there is no reason why La-Mothe could not bring his car under control and stop too without running into Wilson as he had enough driving space to do so.
It is our judgment that LaMothe was inattentive to his driving and simply neglected to slow down and apply his brakes in an effort to avoid hitting whomever may have been ahead of him in this line of stopped traffic until it was too late. The evidence show that this accident occurred in broad daylight when there was no obstruction whatever to defendant’s view, at a time when traffic was at its peak on this heavily travelled highway and it occurred solely *336 through the gross negligent driving of the defendant, Herman LaMothe, Jr.
 Much evidence has been taken in this matter tending to show the personal injuries suffered by the plaintiff herein. Plaintiff contends that he still suffers pain and has been unable to work since the accident. While it is quite true that the arthritic condition of the plaintiff predated the accident, it is also true that this arthritic condition was severely and painfully aggravated as a result of the accident; the medical evidence and the X-rays establish that the plaintiff in this matter also suffered cervical spine injuries, commonly known as “whiplash”, which has been quite painful and for which he has been treated. However, there are other conditions for which the plaintiff has been receiving medical attention. Dr. Pou, an internist, has been treating him for stomach ailments and since the accident the plaintiff has been a patient in the hospital for a period of approximately 6 months receiving treatment for tuberculosis. Apparently this condition has been arrested. There is no doubt that the tuberculosis and the abdominal aorta suffered by the plaintiff, for which he has been treated, were not caused by the accident. The record indicates that for medical payments and workmen’s compensation due him under the law, as a result of the accident, the plaintiff has received only the sum of $450.54. Under the circumstances, it is the judgment of the court that all of the personal injuries suffered by the plaintiff are not attributable to the accident which occurred on November 11, 1960, and the court believes that an award of $5,000.00 to the plaintiff over and above the amount to be paid to the Toye Bros. Yellow Cab Company on its intervention, should be proper reparation for the injuries to plaintiff. To this should be added the sum of $38.55 to cover the cost of drugs purchased by the plaintiff. Of course, the judgment shall bear legal interest from judicial demand until paid and all costs.
Having found that this collision occurred solely as a result of the negligent driving of the defendant, Herman LaMothe, Jr., the judgment of the district court dismissing the suit of the plaintiff, Ervin M. Wilson, and the intervention of Toye Bros. Yellow Cab Company, against the defendants, Herman LaMothe, Jr., Jefferson Music Company and Marquette Casualty Company, is reversed and judgment is rendered herein in favor of the plaintiff, Ervin M. Wilson and against the defendants, Herman La-Mothe, Jr., Jefferson Music Company and Marquette Casualty Company, in solido, for the sum of $5,038.55, together with legal interest thereon from a judicial demand until paid; and further, judgment is rendered in favor of Toye Bros. Yellow Cab Co. for the sum of $450.54, together with legal interest thereon from judicial demand until paid, and in all other respects the judgment of the district court is affirmed. All costs of these proceedings shall be borne by the defendants, Herman LaMothe, Jr„ Jefferson Music Company and Marauette Casualty Company, in solido.
Reversed and rendered in part.
Affirmed in part.